IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENISE GATES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 05-1035 |
| | ) |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

# OPINION and ORDER OF COURT

### SYNOPSIS

The Commissioner of Social Security and the Claimant have filed Cross-Motions for Summary Judgment on the issue of whether the Administrative Law Judge's ("ALJ") decision denying benefits is supported by substantial evidence of record. I find that a remand is required, for consideration of alleged diminished intellectual functioning.

### OPINION

The Claimant, Denise L. Gates ("Gates") seeks an award of Supplemental Security Income ("SSI"). She first filed for benefits on May 16, 1996. That application was denied, and she did not appeal that decision. She reapplied for benefits in March of

1

2003, alleging an onset of disability beginning December 1, 1986. Gates claims that she is disabled due to mental illness, paranoia, depression, suicidal thoughts and posttraumatic stress disorder. The application was denied. At Gate's request, an ALJ conducted a hearing, held on July 20, 2004. The ALJ subsequently denied benefits, concluding that there were a significant number of jobs within the national economy which Gates could perform. The Appeals Council denied the request for review.

Gates then appealed to this Court, claiming that the Commissioner's decision is arbitrary, contrary to law and unsupported by substantial evidence of record. Both Gates and the Commissioner have filed cross motions for summary judgment. See Docket Nos. 8 and 10. Gates contends that the ALJ erred in the third step of the five step sequential analysis when he did not find her presumptively disabled under Listing 12.05(c). The Commissioner counters that Gates does not meet the Listing requirements.[1]

For the reasons set forth below, I find that the ALJ must consider the argument that Gates meets the requirements for Listing 12.05(c). Accordingly, this action is remanded.

---

[1] While the Commissioner does observe that "Plaintiff did not allege mental retardation on her application, and her attorney did not raise the issue at the hearing," see Docket No. 11, p. 6-7, the Commissioner does not argue that Gates waived the issue of intellectual functioning. I note that the First Circuit Court of Appeals has concluded that the failure of a claimant to raise an issue before the ALJ results in a waiver of that issue. See Mills v. Apfel, 244 F.3d 1, 8 (1st Cir. 2001). The United States District Court for the Middle District of Pennsylvania has reached a contrary conclusion. In Calcek v. Commissioner, Civ. No. 1-1664, 2003 WL 21911069 (M.D. Pa. July 31, 2003), the court found that the failure to mention a mental impairment to the ALJ did not prevent a claimant from presenting the issue to the district court. Fortunately, I need not decide which approach, if either, the Third Circuit court would endorse, as the Commissioner does not press a waiver argument.

## STANDARD OF REVIEW

The scope of review by this Court of an appeal from the Commissioner's decision is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. Richardson v. Perales, 402 U.S. 389 (1971); 42 U.S.C. § 405(g); Schaudeck v. Comm'r. of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999). Findings of fact by the Commissioner are considered conclusive if they are supported by "substantial evidence," a standard which has been described as requiring more than a "mere scintilla" of evidence, but equivalent to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. A single piece of evidence will not satisfy the substantiality test if the ALJ ignores or fails to resolve a conflict created by countervailing evidence. Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983).

This Court does not undertake *de novo* review of the decision and does not re-weigh the evidence presented to the Commissioner. Monsour Medical Center v. Heckler, 806 F.2d 1190, 1195 (3d Cir. 1986), citing, 42 U.S.C. § 405. If the decision is supported by substantial evidence, I must affirm it, even if I would have decided the case differently. Bailey v. Apfel, CA 97-8908, 1998 U.S. Dist. LEXIS 10595 at * 2 (E.D. Pa. July 9, 1998) (citations omitted).

## ANALYSIS

In determining whether a claimant is eligible for disability insurance benefits or supplemental security income, the burden is on the claimant to show that he has

a medically determinable physical or mental impairment (or combination of impairments) which is so severe that he is unable to pursue substantial gainful employment currently existing in the national economy. 42 U.S.C. §§ 423(d)(1)(A) and (d)(2)(A). In addition, the impairment must be expected to result in death or to have lasted or be expected to last for not less than twelve months. 42 U.S.C. § 423(d)(1)(A); Morales v. Apfel, 225 F.3d 310, 315-16 (3d Cir. 2000).

To determine the claimant's rights to either disability insurance benefits or supplemental security income benefits, the ALJ conducts the same five-step evaluation. If the claimant is working or doing substantial gainful activity, a finding of not disabled is directed and the analysis is completed. 20 C.F.R. § 404.1520(b), 416.920(b). In step two, the ALJ determines if the claimant suffers from "a severe impairment that significantly limits his or her ability to do basic work activity." Id., §§ 404.1520, 416.920. If so, and if that impairment meets or equals criteria for a listed impairment or impairments in Appendix of Subpart P of Part 404 of 20 C.F.R. and has lasted or is expected to last continually for at least twelve months, a finding of disability is directed at step three. Id., §§ 404.1520(d), 416.920(d). The ALJ then considers whether the claimant retains the residual functional capacity to perform past relevant work. Id., §§ 404.1520(e), 416.920(e). If not, the ALJ, taking into account the claimant's residual functional capacity, age, education, and past work experience, determines whether the claimant can perform other work that exists in the national economy. If the claimant can perform such other work, he is not disabled. Id., §§404.1520(f), 416.920(f). In all but the final step, the burden of proof

is on the claimant. Mason v. Shalala, 994 F.2d 1058, 1064 (3d Cir. 1993); 42 U.S.C. §§ 416(1), 423(d)(1)(A).

Here, the ALJ determined that Gates had mental impairments, including anxiety and depression. He also concluded that she had polysubstance dependence, in partial remission. (R. 21). After consulting with a vocational expert, he found that Gates was capable of performing the unskilled occupations of a dishwasher, a handpacker and an assembler. (R. 14-22). Consequently, he adjudged her to be not disabled within the meaning of the Social Security Act.

Gates now contends that the ALJ erred in proceeding beyond the third step of the sequential analysis. She insists that she meets the requirements of Listing 12.05(c). The parties agree that Gates would be presumptively disabled at the third step if: (1) she has an IQ between 60 and 70; (2) she has an additional impairment that is severe; and (3) such conditions have been in existence prior to her having reached the age of 22. See 20 C.F.R. , Pt. 404, Subpt. P, App. 1, Listing § 12.05(c).

I agree that the record contains evidence that Gates scored a 70 on the nonverbal portion of the Lorge-Thorndike Intelligence Test while in school. (R. 64). While the data would seem relevant to a finding under Listing 12.05(c), the ALJ makes no mention of it. Nor indeed does he reference the fact that Gates attended special education classes while in school (R. 81) or that she was found to be unable to read textbooks at grade level. (R. 134).

The Commissioner presents a multitude of arguments as to why the IQ score, and other evidence, does not satisfy Listing 12.05(c). Certainly, the Commissioner

may well be correct in her assessment of Gates's alleged intellectual functioning. Nevertheless, these are issues which are best considered, in the first instance, by the ALJ.  Indeed, the ALJ might find it appropriate to order a consultation in order to better assess Gates's IQ and intellectual functioning.

*************************

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENISE GATES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 05-1035 |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## ORDER OF COURT

AND NOW, this **21st** day of March, 2006, for the reasons set forth in the accompanying Opinion, it is Ordered that the parties' Motions for Summary Judgment (Docket Nos. 8 and 10) are both DENIED. This action is REMANDED to the ALJ for further consideration. On remand, the ALJ should consider whether Claimant satisfies the requirements for Listing 12.05(c). The ALJ is permitted, at his discretion, to order further consultations or examinations for purposes of making this assessment.

BY THE COURT:


/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge